IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-00223-04-CR-W-ODS |
| ) | |
| BILLY RAY HALL, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

On September 21, 2011, the Grand Jury returned a seventy two count indictment against fourteen defendants alleging a conspiracy to defraud the United States, 18 U.S.C. § 286, and the filing of false claims for tax refunds, 18 U.S.C. §287 and 2. Defendant Billy Ray Hall is charged in Count 1, the conspiracy count, and Counts 3, 4, and 17-35, counts alleging the filing of false claims for tax refunds. An initial appearance was held for this defendant on September 22, 2011, in the Middle District of Alabama, and defendant was released on bond. Defendant was arraigned in this district on October 6, 2011, and at his request counsel was appointed to represent him.

Mr. Hall's counsel filed a Motion to Withdraw, doc. # 133, on January 26, 2012. The basis of the motion was a letter that counsel had received from Mr. Hall indicating he wished to proceed pro se. A hearing on the motion was set on February 7, 2012, and defendant was advised that he must be present in person for the February 7, 2012 hearing. On February 7, 2012, the defendant did not appear, and an arrest warrant was issued.

Defendant next appeared on March 6, 2012, for a show cause hearing on a Pretrial Services Violation Report alleging that defendant violated the conditions of his release by failing to appear for the hearing on February 7, 2012. According to the report, defendant was reminded of the February 7, 2012 hearing by both his Pretrial Services Officer and his attorney. On February 6, 2012, the

defendant advised the Pretrial Services Officer via e-mail that he had a "private communication with the Judge and the matter is resolved." The matter had not been resolved prior to February 7, 2012, nor had the Court had any private communications with the defendant.

At the time of the show cause hearing, the Pretrial Services Officer advised that he had been given a medical report by Dr. Alan D. Prince, M.D. regarding defendant's follow-up visit on January 3, 2012. Dr. Prince, a board certified neurologist, noted that the MRI scan of Mr. Hall's brain showed some small vessel ischemic changes with atrophy. The report indicated that the doctor suspected that Mr. Hall has Alzheimer's, therefore, he was placing the defendant on an Exelon patch. (Doc. # 149)

Based upon this information, the Court ordered that the defendant be examined for competency to stand trial by Dr. William Logan. After Dr. Logan's report was received, counsel for the government asked for the opportunity to have the defendant examined by another doctor on the issue of his competency to proceed to trial.

A hearing was held on May 3, 2012, on the defendant's competency. Defendant appeared with counsel Christopher Angles. The government was represented by Tom Larsen and Dan Nelson. The parties stipulated that the Court could consider the Psychiatric Evaluation of Dr. William S. Logan, M.D. and the Independent Neurocognitive Assessment of Michael Anderson, Ph.D. No other evidence on the issue of the defendant's competency was presented.

Dr. Logan's diagnosis included the following:

Axis I: Clinical Conditions–

294.11 Dementia of the Alzheimer's Type with behavioral disturbance, late onset (after age 65)

Axis II: Personality Disorders-

Rule out: 310.1 Personality Change due to Alzheimer's; other type

> Axis III: <u>Related Physical Conditions</u>–
>
> Likely Alzheimer's Disease
> Rule out Vascular Dementia

(Psychiatric Evaluation at 13-14) Dr. Logan concluded:

> Mr. Hall qualifies for a diagnoses of dementia which at this point is mild (in comparison to more severe cases of dementia) but does produce memory impairment, particularly to recall new information, forgetfulness, and cognitive disturbances including poor executive functioning such as misunderstanding situations and meanings and making impulsive poor judgments in planning.

(Psychiatric Evaluation at 14) Dr Logan found that Mr. Hall understands the basis for the charges in general, has a fair understanding of the roles of the various court officers, and generally recognizes that he is in jeopardy of going to prison. (Psychiatric Evaluation at 15) However, his dementia has the most impact on his ability to assist properly in his defense. Therefore, Dr. Logan was of the opinion that "Mr. Hall has a mental defect, dementia, which renders him incompetent to the extent he is unable to assist properly in his defense, although, in general he is able to understand the nature and consequences of the proceedings against him." (Psychiatric Evaluation at 16)

> Michael Anderson, Ph.D. reached similar conclusions to that of Dr. Logan finding:
>
> I agree that Mr. Hall likely suffers from a probable dementia of the Alzheimer's type with behavioral disturbance, late onset (294.11). As Dr. Logan noted as well, co-existing vascular disease may be playing a role here as well. Given the observed neurocognitive deficits, I do not believe that Mr. Hall can reasonably consult with his lawyer with a reasonable degree of logical understanding. I also do not believe that Mr. Hall is adequately comprehending his current situation and the proceedings that are pending against him at this time. Objective testing confirms poor working memory, impaired abstract reasoning, and impaired mental processing speed. His judgment to date has been questioned along with his poor decision making ability.
>
> \* \* \*
>
> It is my opinion that Mr. Billy Ray Hall has a mental defect, most likely a mixed dementia, that renders him in competent to assist in his own defense, or to fully understand the proceedings against him.

3

(Independent Neurocognitive Assessment at 3) For these reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Billy Ray Hall is incompetent in that he is presently suffering from a mental disease or defect rendering him unable to unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. It is further

RECOMMENDED that the Court commit defendant Billy Ray Hall to the custody of the Attorney General pursuant to 18 U.S.C. §4241(d)(1). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Hall will attain the capacity to permit the trial to proceed.

Counsel are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

        */s/ Sarah W. Hays*
        SARAH W. HAYS
        UNITED STATES MAGISTRATE JUDGE